

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BUDD FRANKENFIELD**<br>332 N. 1st Street<br>Emmaus, PA  18049<br><br>                 **Plaintiff**<br><br>                 v.<br><br>**SALISBURY TOWNSHIP**<br>2900 South Pike Avenue<br>Allentown, PA 18103<br><br>                 **Defendant** | No:<br><br>**18  3069**<br><br>FILED<br>JUL 23 2018<br>KATE BARKMAN, Clerk<br>By_____ Dep. Clerk |

## COMPLAINT

### PARTIES

1. Plaintiff Budd Frankenfield is an adult individual who resides at 332 N. 1st Street, Emmaus, PA, 18049.

2. Defendant Salisbury Township is a municipal corporation with its offices at 2900 South Pike Avenue, Allentown, PA  18103.

### JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this matter pursuant to 38 U.S.C. 4311, as this claim arises under the Uniformed Services Employment and Reemployment Rights Act.

4. The Eastern District of Pennsylvania is the proper venue for this action pursuant to 28 U.S.C. § 1391(b) as Plaintiff was employed by Defendant within this judicial district and all the events giving rise to this claim occurred in the district.



## COUNT ONE – USERRA CLAIM

5. At all relevant times, Plaintiff was employed by the Defendant as a police officer.

6. In January of 2017, Plaintiff was promoted to the position of corporal on a one-year probationary basis.

7. The appointment to corporal included an increase in pay as well as other employment benefits.

8. In the summer of 2017, Plaintiff, a former member of the United States Marine Corps Reserve, enlisted in the United States Army Reserve. Plaintiff had not been a member of any United States military organization for several years before reenlisting.

9. In August of 2017, Plaintiff informed Police Chief Allen Stiles of his reenlistment.

10. At all relevant times, Police Chief Stiles was Plantiff's supervisor and was an employee and agent of the Defendant.

11. During that conversation, the police chief discouraged Plaintiff from enlisting in the Reserve and told plaintiff that "this will affect your probation" and that reserve duty would interfere with Plaintiff being available for the job the chief wanted him to do. He then asked Plaintiff to reconsider his decision to enlist in the Reserve.

12. Plaintiff did not withdraw from the Reserve.

13. On or about December 28, 2017, Plaintiff was informed by the chief that he would not be recommending that he pass his probationary period and that he be returned to his former rank with corresponding reduction in pay and benefits.

14. The chief supplied several reasons for his decision which Plaintiff believes to be pretextual. Plaintiff avers that his enlistment in the armed services was a motivating factor in the employer's action and that action would not have been taken had Plaintiff heeded the chief's warning to reconsider his enrollment.

15. As a result of the chief's recommendation, the township commissioners took away Plaintiff's promotion and demoted him.

16. Plaintiff lost his promotion because of his enlistment in the United States Army Reserve.

17. As a result of this discriminatory treatment, Plaintiff has suffered emotional distress and anxiety, loss of wages, loss of benefits, and other losses.

18. 38 U.S.C. 4311 states "(a) A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation."

19. As set forth above, Plaintiff incurred damages as a result of the conduct of the Defendant, including but not limited to severe emotional distress, financial and other losses, as well as costs of suit and attorney's fees.

WHEREFORE, Plaintiff requests that this Honorable Court find in his favor and against the Defendant and award all damages cognizable under the federal laws against such actions, including compensation for actual monetary losses, for future monetary losses, and for mental anguish and inconvenience, interest, attorney's costs and fees, and injunctive relief.

NEIL DURKIN LAW OFFICE, LLC

Neil E. Durkin
*Attorney for the Plaintiff*
601 Longwood Avenue
Cherry Hill, NJ 08002
(856) 330-0281
Fax (856) 662-5682