UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUDD FRANKENFIELD, <br><br> Plaintiff <br><br> v. <br><br> SALISBURY TOWNSHIP, <br><br> Defendant | No. 18-cv-03069 (JFL) |

## DEFENDANT, SALISBURY TOWNSHIP'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Admitted.

2. Admitted.

3. Admitted that the basis alleged by Plaintiff. Denied that a violation of the said Act occurred in this matter.

4. Admitted.

### COUNT I – USERRA CLAIM

5. Admitted.

6. Admitted.

7. Admitted.

8. After reasonable investigation, Answering Defendant is without information sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 8, the same are therefore denied and strict proof thereof is demanded at the time of trial. It is believed, and therefore averred, that the Plaintiff was not a member of the United States Armed

1

Services at the time that he was serving as a police officer and was promoted to Corporal in this matter.

9. It is admitted that the Plaintiff provided information to the police chief of his intention to enlist in the United States Army Reserve. Answering Defendant is without information as to whether or not this was a "reenlistment".

10. Admitted.

11. Denied. On the contrary, it is specifically averred that the police chief did not discourage the Plaintiff from enlisting in the Reserves, but had a frank discussion with him with regard to the reenlistment. It is denied that he ever indicated this would have any "affect on your probation". The police chief, being a former member himself of the Armed Services, did nothing to dissuade or discourage the Plaintiff from reenlisting. The issues that the Chief had with the Plaintiff performing his duties as Corporal had nothing to do with the reenlistment but had existed prior to that conversation.

12. After reasonable investigation, Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 12, the same are therefore denied and strict proof thereof is demanded at the time of trial.

13. Admitted. By way of further answer, Answering Defendant specifically avers that the Plaintiff had failed to carry out the duties necessary to continue as a Corporal. He had been informed of these problem areas in his performance of his duties as a Corporal prior to his "reenlistment" and that Plaintiff was well aware of the issues that the police chief and his other superior officers were having with regard to his performance of his duties as a Corporal.

14. Admitted in part and denied in part. It is admitted that the police chief supplied several reasons for his decision to the Plaintiff. It is denied that the same were pretextual, but on the contrary, were valid observations of the Plaintiff's failure to fully perform his duties and responsibilities as a Corporal with regard to the police force in Salisbury Township and it is averred that this action would have occurred whether or not the Plaintiff "heeded the chief's warning to reconsider his enrollment". It was his failure to fully and completely perform the duties of Corporal that resulted in his failure to satisfactorily complete his probationary period which resulted in his returning to the rank of patrolman.

15. It is admitted that it was the police chief's recommendation, after consultation with the sergeants in the police department, that resulted in the Township Commissioners' decision to find that the Plaintiff failed to successfully complete his probationary time period for the rank of Corporal and return him to the rank of patrolman

16. Denied. On the contrary, it is specifically averred that the Plaintiff was returned to his rank as a patrolman due to the fact that he failed to satisfactorily perform all of the duties required of somebody that was serving in a supervisory capacity rather than as a patrolman, and that his enlistment in the United States Army Reserve had no impact on his being returned to the rank of patrolman.

17. Denied. It is specifically denied that there was any discriminatory treatment of the Plaintiff. On the contrary, it is specifically averred that the Plaintiff failed to perform the duties and to exercise the appropriate supervisory control required of an individual serving as a Corporal in the police department. With regard to the remaining allegations of paragraph 17, after reasonable investigation, Answering Defendant is without information or knowledge

sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 17, the same are therefore denied and strict proof thereof is demanded at the time of trial.

18. The allegations in paragraph 18 accurately recite the provisions of the statute cited therein.

19. Denied. On the contrary, it is specifically averred that the Plaintiff suffered no damages as a result of his enlistment in the United States Army Reserve. On the contrary, it is specifically averred that the Plaintiff failed to satisfactorily complete all of the obligations and responsibilities of the rank of Corporal, and because of his failure to do so, after several communications from both the police chief and the various sergeants of the Salisbury Police Department, it was determined that the Plaintiff failed to complete his probationary time period, failed to responsibly, accurately and appropriately perform the duties of a Corporal and that he was returned to a patrolman because, despite counseling, he did not meet the requirements of the aforementioned position. With regard to the remaining allegations of paragraph 19, after reasonable investigation, Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in paragraph 19, the same are therefore denied and strict proof thereof is demanded at the time of trial.

WHEREFORE, the Defendant, Salisbury Township demands in its favor and against all other parties to this action and demand that all claims against it be dismissed with prejudice.

## SECOND AFFIRMATIVE DEFENSE

20. The Plaintiff, despite counseling, failed to satisfactorily complete the probationary time period in that he failed to exercise appropriate supervisory control over the police officers serving under him, but in fact continued to, primarily, function as a patrolman and failed to take advantage of the probationary time period, the counseling offered to him to improve his

supervisory functions and failed to satisfactorily complete and apply supervisory training and functions during his time of his service as a Corporal.

21. As a result of his failure to appropriately exercise the supervisory capacity required of an individual in the position of Corporal, he failed to complete his probationary time period.

22. Because of his failure to complete, satisfactorily, the probationary time period he was returned to his rank of patrolman.

23. His failure had nothing to do with his re-enlistment, but everything to do with his performance during his probationary time period.

### THIRD AFFIRMATIVE DEFENSE

24. The allegations set forth in the Plaintiff's Complaint fail to set forth a cause of action upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

25. Plaintiff was not discriminated against in any manner or means because of his reenlistment in the Service.

26. It was prior to his discussion of returning to the Service that he had been informed that he was having difficulty in complying with the expectations of the police department in the role of Corporal.

27. Despite repeated warnings and counseling, the Plaintiff failed to change his conduct and act more in a supervisory capacity, continuing to, primarily, act as the role of patrolman, performing the duties of patrolman and not of a supervisor.

28. The Plaintiff, because of this conduct, failed to successfully complete his probationary time period.

## FIFTH AFFIRMATIVE DEFENSE

29. There was no discrimination against the Plaintiff nor was the fact that he reenlisted in the Service a factor in returning him to the rank of patrolman.

30. It was the Plaintiff's performance in the duty of Corporal, and his failure to meet all of the supervisory requirements of that position, that resulted in his being returned to the office of patrolman.

## SIXTH AFFIRMATIVE DEFENSE

31. The alleged deprivation of constitutional rights did not result from a breach of any duty owed by the Defendant to the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

32. At all times relevant hereto, the Defendant acted without malice intent and in good faith and with the reasonable justification or belief in the legality and lawfulness of its actions.

## EIGHTH AFFIRMATIVE DEFENSE

33. At all times relevant hereto, the Defendant acted without malice intent and in good faith, with a reasonable justification or belief in the legality and lawfulness of its actions, and its actions were reasonable considering all of the circumstances.

## NINTH AFFIRMATIVE DEFENSE

34. The Defendant is vested with absolute immunity for the causes of action set forth by the Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

35. The Defendant is vested with qualified immunity from the causes of action set forth by the Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

36. The Answering Defendant denies all allegations of liability and denies all allegations and/or violation of the statutes set forth against the Answering Defendant in the pleadings. If it should be proven at trial that the Answering Defendant was in any way responsible in any other respect, all allegations averring violation of the Plaintiff's rights are expressly denied.

## TWEVLTH AFFIRMATIVE DEFENSE

37. The Plaintiff did not avail himself of any administrative procedure to challenge or appeal of the decision.

WHEREFORE, Answering Defendant, Salisbury Township, demands judgment in its favor and against the Plaintiff and demands that all claims against it be dismissed with prejudice.

Respectfully submitted,

DAVISON & McCARTHY, P.C.

Date: September 26, 2018   By: /s/ John W. Ashley
John W. Ashley, Esquire
Atty. I.D. # 32645
Two City Center
645 Hamilton Street, Suite 510
Allentown, PA 18101
Phone: 610.435.0450
Fax: 610.435.3089

Attorney for Defendant,
Salisbury Township

## CERTIFICATE OF SERVICE

I, John W. Ashley, Esquire do hereby certify that on September 26, 2018, all parties listed below were served a true and correct copy of the foregoing document via United States District Court – Eastern District of Pennsylvania Electronic Court Filing System:

> Neil Durkin, Esquire
> 601 Longwood Avenue
> Cherry Hill, NJ 08002

DAVISON & McCARTHY, P.C.

By: /s/ John W. Ashley
John W. Ashley, Esquire
Atty. I.D. # 32645
Two City Center
645 Hamilton Street, Suite 510
Allentown, PA 18101
Phone: 610.435.0450
Fax: 610.435.3089

Attorney for Defendant,
Salisbury Township

219543